UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN FORTUNA,

                        Plaintiff,

           -against-

COMMISSIONER OF SOCIAL SECURITY,

                       Defendant.
------------------------------------------------------------X

**ORDER**

19 Civ. 11066 (JCM)

Plaintiff Juan Fortuna ("Plaintiff") commenced this action pursuant to 42 U.S.C. §

405(g), challenging the decision of the Commissioner of Social Security ("Commissioner"),

which denied Plaintiff's application for disability insurance benefits and found him not disabled.

(Dkt. No. 1).  Plaintiff then moved for judgment on the pleadings. (Dkt. No. 29).  The

Commissioner cross-moved for judgment on the pleadings, (Dkt. No. 31), and Plaintiff replied,

(Dkt. No. 33).  On March 15, 2021, the Court granted Plaintiff's motion in part and denied it in

part, granted the Commissioner's cross-motion in part and denied it in part, and ordered that the

case be remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. §

405(g).[1] (Dkt. No. 34).  The Clerk of the Court entered judgment on March 17, 2021. (Dkt. No.

35).  On March 24, 2021, the Court so-ordered a joint stipulation awarding Plaintiff $8,608.00 in

attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt.

No. 37).  Counsel thereafter received $8,608.00 in EAJA fees. (Dkt. No. 40 ¶ 11).

      Before the Court is Plaintiff's application for attorney's fees for work performed by his

counsel, Daniel A. Osborn ("Osborn") under 42 U.S.C. § 406(b) ("§ 406(b)").  The

Commissioner does not object to the application, and defers to the Court to determine the

---

[1] This action is before this Court for all purposes on the consent of the parties, pursuant to 28 U.S.C. § 636(c) and
Federal Rule of Civil Procedure 73. (Dkt. No. 22).

reasonableness of the fees requested in its discretion. (Dkt. No. 41).  For the reasons that follow,

Plaintiff's application for attorney's fees is granted.

## I.  BACKGROUND

Plaintiff applied for disability insurance benefits on April 1, 2016. (Dkt. No. 34 at 2).

Plaintiff's application was initially denied on June 8, 2016, after which he requested a hearing,

which was held on July 30, 2018. (*Id*.).  Administrative Law Judge ("ALJ") LaSandra Morrison

issued a decision denying Plaintiff's claim on October 3, 2018. (*Id*.).  Plaintiff requested review

by the Appeals Council, which denied the request on October 1, 2019. (*Id*.).  Plaintiff retained

Osborn to file an action in federal court in November 2019. (Dkt. No. 40-1).  The retainer

agreement provides that "[t]he attorney's fees for representation before the Federal Court shall

be the GREATER of…1) 25 (twenty-five) percent of the past-due benefits resulting from my

claim or claims (which I understand may exceed $500.00 per hour), OR 2) [s]uch amount as my

attorney is able to obtain pursuant to the [EAJA]." (Dkt. No. 40-1).

After Plaintiff's federal appeal and remand to the SSA, a second hearing was held and the

ALJ issued a written decision finding Plaintiff disabled and entitled to benefits. (Dkt. No. 40 ¶

12).  On September 16, 2022, the SSA issued a Notice of Award indicating that Plaintiff's past

due benefits totaled $91,171.10. (Dkt. No. 40-4 at 3).  On September 29, 2022, Osborn filed the

instant motion requesting $22,792.78 in fees, which is 25% of Plaintiff's past due benefits. (Dkt.

No. 38; Dkt. No. 40 ¶ 14; Dkt. No. 40-4 at 3).  Osborn received the Notice of Award on

September 26, 2022. (Dkt. No. 39 at 3).[2]

---

[2] Osborn's declaration states that he received the Notice of Award on September 26, 2021. (Dkt. No. 40 ¶ 15).
Given the Notice of Award is dated September 16, 2022, (Dkt. No. 40-4), and Osborn's memorandum of law
accompanying his motion states he received the Notice of Award on September 26, 2022, (Dkt. No. 39 at 3), the
Court assumes that September 26, 2022 is the operative date for timeliness purposes.

## II.  LEGAL STANDARD

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." 42 U.S.C. § 406(b)(1)(A).  The allowable fee is capped at "25 percent of the total of the past-due benefits to which the claimant is entitled." *Id*.  "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  Thus, "§ 406(b) does not displace contingent-fee agreements," but "[r]ather, . . . calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III.  DISCUSSION

Plaintiff argues that: (1) his application is timely because it was filed within 14 days after receiving the Notice of Award; and (2) his requested fees are reasonable because they are within the 25% statutory cap, the contingency fee agreement was not reached via fraud or overreaching, and the requested fee would not present a "windfall" under relevant precedent. (Dkt. No. 39 at 3-6).  Plaintiff's counsel also affirms that he will refund Plaintiff the lesser of the previously awarded EAJA fee and any § 406(b) award. (Dkt. No. 39 at 4 n.1).  The Commissioner agrees that the motion is timely filed and defers to the Court's assessment of the reasonableness of the

requested reward in light of the factors set forth by the Second Circuit in *Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). (Dkt. No. 41 at 4-5).

## A.  Timeliness

Federal Rule of Civil Procedure 54(d) governs the timeliness of fee applications under § 406(b).  *See Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019).  That rule prescribes a fourteen-day filing period following "the entry of judgment."  *See* Fed. R. Civ. P. 54(d)(2)(B).  In *Sinkler v. Berryhill*, however, the Second Circuit held that equitable tolling extends this period to fourteen days after "a party receives notice of a benefits calculation" for social security cases involving a judgment that reverses the denial of benefits and remands to the SSA.[3]  *See* 932 F.3d at 89.  The court reasoned that rigid application of Rule 54(d) in such cases would otherwise create an impossible deadline because the Commissioner "typically" takes months to calculate the amount of past-due benefits, and § 406(b) cuts off attorney's fees at 25% of any benefits awarded. *See id.* at 87.  Thus, "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88.

Here, Osborn filed the motion on September 29, 2022—13 days after the SSA issued the Notice of Award. (Dkt. No. 38; Dkt. No. 40-4).  It is therefore timely.

## B.  Reasonableness

To determine whether a fee is "unreasonable," courts should consider (1) "whether the contingency percentage is within the 25% cap;" (2) "whether there has been fraud or overreaching in making the agreement;" and (3) "whether the requested amount is so large as to

---

[3] The *Sinkler* court also qualified that because the law "presum[es] that a party receives communications three days after mailing," the fee request must be filed a total of seventeen days after issuance of the award. *See* 932 F.3d at 89 n.5.

be a windfall to the attorney." *Wells*, 907 F.2d at 372; *see also Fields*, 24 F.4th at 853.  In

*Gisbrecht*, the Supreme Court also held that reduction of the fee may be "appropriate[]" "based

on the character of the representation and the results the representative achieved," or the

attorney's role in any delay. *See* 535 U.S. at 808.  It is undisputed that the requested award falls

within the 25% statutory cap. (Dkt. No. 39 at 4; Dkt. No. 41 at 4).  Nor is there any evidence of

fraud or overreaching. (*See* Dkt No. 39 at 4, Dkt. No. 41 at 4).  Thus, the Court focuses its

analysis on whether the requested amount constitutes a windfall or otherwise must be reduced

under *Gisbrecht*. *See* 535 U.S. at 808.

The windfall factor considers whether "the benefits are large in comparison to the amount

of time counsel spent on the case." *Fields*, 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808)

(internal quotations omitted).  At the same time, however, "courts must consider more than the

*de facto* hourly rate" because "even a relatively high hourly rate may be perfectly reasonable,

and not a windfall, in the context of any given case." *Id.* at 854.  Indeed, the "windfall factor

does *not* constitute a way of reintroducing the lodestar method." *Id.*  Consequently, when

determining whether a particular award constitutes a windfall, the court must consider: (1) "the

ability and expertise of the lawyers and whether they were particularly efficient, accomplishing

in a relatively short amount of time what less specialized or less well-trained lawyers might take

far longer to do;" (2) "the nature and length of the professional relationship with the claimant—

including any representation at the agency level;" (3) "the satisfaction of the disabled claimant;"

and (4) "how uncertain it was that the case would result in an award of benefits and the effort it

took to achieve that result." *See id.* at 854–56.

After applying the *Fields* factors, the Court concludes that the requested fee is

reasonable.  The Court first addresses "the ability and expertise of the lawyers and whether they

were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[.]" *Id.* at 854. While not addressed in Plaintiff's motion or accompanying affidavit, the Court notes that Osborn Law has recent experience representing social security claimants in other federal court proceedings in this Circuit. *See, e.g., Maldonado v. Comm'r of Soc. Sec.*, 17-CV-6483 (WFK), 2022 WL 3655213 (E.D.N.Y. Aug. 24, 2022); *Daniels v. Comm'r of Soc. Sec.*, 20-CV-430 (PKC), 2022 WL 2918236 (E.D.N.Y. July 25, 2022); *Vomero v. Comm'r of Soc. Sec.*, 19-CV-5799 (PKC), 2022 WL 2918330 (E.D.N.Y. July 25, 2022); *Ricciardi v. Comm'r of Soc. Sec.*, 19-CV-3304 (MKB), 2022 WL 1597401, at *4 (E.D.N.Y. May 19, 2022) (noting Lindsay Trust "has devoted approximately seventy-five percent of her time to representing social security claimants in federal court, representing hundreds of claimants" for the past five years). Osborn Law, P.C. expended a total of 39.8 hours of attorney work, split between two attorneys, from 2019 through 2021 on Plaintiff's federal appeal. (*See* Dkt. No. 40-2). While this time expended is on the higher range for a standard social security case, *Chilson v. Comm'r of Soc. Sec.,* 16-CV-804 (PKC), 2022 WL 4661439, at *3 (E.D.N.Y. Sept. 30, 2022), the administrative record was 2,074 pages, (*See* Dkt. No. 24), Plaintiff filed a 20-page motion for judgment on the pleadings, (Dkt. No. 30), the Commissioner filed a 25-page cross-motion, (Dkt. No. 32), and Plaintiff replied, (Dkt. No. 33). In *Fields*, the Second Circuit observed that counsel's efforts were "especially efficient[]" because, in the 22.70 hours he worked on the case, he "managed to review the 863-page administrative record in its entirety, draft a highly detailed 19-page memorandum of law, and successfully negotiate a stipulated remand with the government lawyers." *Fields*, 24 F.4th at 854. The Circuit further noted that "other lawyers might reasonably have taken twice as much time." *Id.* In light of these considerations, the Court concludes that it was not unreasonable to

-6-

expend 39.8 hours here. *See Chilson,* 2022 WL 4661439, at *3 (noting that "42.2 hours would generally be excessive in a normal SSA case" but the time spent was "not unreasonable" where record was 1,428 pages, plaintiff's opening brief was 23 pages, and plaintiff filed a reply); *Vomero*, 2022 WL 2918330, at *3 (not unreasonable to spend 34.7 hours where transcript was 914 pages, plaintiff's opening brief was 24 pages, and plaintiff filed a reply).

Second, the Court must consider "the nature and length of the professional relationship with the claimant—including any representation at the agency level." *Fields*, 24 F.4th at 855. Unlike counsel in *Fields*, who represented the claimant through multiple administrative hearings, Osborn's representation began with the filing of the federal court action. (Dkt. No. 40 ¶ 2). Thus, "Osborn Law was …necessarily less efficient at briefing the issues before this Court." *Daniels*, 2022 WL 2918236, at *3.  However, given the requested *de facto* hourly rate is approximately 36% of the *de facto* hourly rate in *Fields*, "the Court finds that the lower efficiency of Plaintiff's counsel here compared to plaintiff's counsel in *Fields* does not justify a downward adjustment." *Id*. (noting counsel was seeking less than 30% of what counsel received in *Fields*).

Third, with respect to the "satisfaction of the disabled claimant," Osborn achieved a successful result for Plaintiff—ultimately securing $91,171.10 in past due benefits. (Dkt. No. 40-4).  The Court has no reason to believe that Plaintiff is not satisfied with this result. *See, e.g., Fields*, 24 F.4th at 855 (results "particularly successful" where plaintiff stood "to receive a six-figure award of past-due benefits as well as ongoing monthly benefits"); *Foley v. Kijakazi, Acting Comm'r of Soc. Sec.*, 20-CV-4231 (JLC), 2022 WL 17727642, at *3 (S.D.N.Y. Dec. 16, 2022) (successful result where counsel "ultimately secured [the plaintiff] $103,809 in past due benefits").

Fourth, the Court must consider "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 855. "[T]here is never any guarantee that a contingency case will be successful." *Johnson v. Kijakazi*, 20-CV-2630 (BCM), 2022 WL 17718336, at *6 (S.D.N.Y. Dec. 15, 2022). The Court finds that "this matter included as much uncertainty as the average appeal of a denial of benefits." *Derosa v. Comm'r of Soc. Sec.*, 20-CV-6693 (JMF) (JW), 2022 WL 3646202, at *2 (S.D.N.Y. Aug. 24, 2022).

Finally, the Court observes that the requested amount of attorney's fees—$22,792.78—results in a *de facto* hourly rate of $572.68. Courts have approved similar amounts. *See, e.g., Merlin V. v. Kijakazi*, No. 20-CV-6433L, 2022 WL 17578467, at *1 (W.D.N.Y. Dec. 12, 2022) (approving *de facto* hourly rate of $599.16 for 35.3 hours of attorney time); *Lakhiani v. Berryhill*, 19-CV-03128 (AMD), 2022 WL 17338089, at *2 (E.D.N.Y. Nov. 30, 2022) (*de facto* attorney hourly rate of $476.06 "not unreasonable"); *cf. Fields*, 24 F.4th at 854 (approving $1,556.98 *de facto* hourly rate); *Foley,* 2022 WL 17727642, at *3 (approving $964.22 *de facto* hourly rate). In any event, "[i]n determining whether there is a windfall…courts must consider more than the *de facto* hourly rate." *Fields*, 24 F.4th at 854. Indeed, "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id*. After careful consideration of the above factors, the Court finds the *de facto* hourly rate of $572.68 does not constitute a windfall here.

## C.  Previous EAJA Award

Plaintiff's counsel was previously awarded $8,608.00 for the same work at the district court level pursuant to the EAJA. (Dkt. No. 40 ¶ 11). Because the Court grants Plaintiff's request for § 406(b) fees, it is undisputed that counsel must refund the $8,608.00 previously

awarded to Plaintiff. (*See* Dkt. No. 39 at 4 n.1; Dkt. No. 41 at 2-3); *see also Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (alterations and citations omitted).

Accordingly, Osborn must remit $8,608.00 to Plaintiff upon receipt of his fees under § 406(b).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted.  Osborn is entitled to $22,792.78 in attorney's fees under § 406(b).  Osborn shall return the $8,608.00 in EAJA fees currently in his possession to Plaintiff upon receipt of the § 406(b) fees.

Dated:    December 22, 2022
          White Plains, New York

SO ORDERED:

JUDITH C. McCARTHY
United States Magistrate Judge